## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVSION

AKEIM BURGEST,

        Plaintiff,

  v.

OFFICER ASHLEY SCHOLZ and
LIEUTENANT KIM WILLIS,
individually,

        Defendants.

Civil Action File

**JURY TRIAL
DEMANDED**

## COMPLAINT

Akeim Burgest, a state prisoner, was stabbed in the hand with a shank wielded by Correctional Officer Ashley Scholz, after she attempted to goad him into a fight, while Lieutenant Kim Willis stood watching. This action is brought pursuant to 42 U.S.C. § 1983, for excessive force and failure to intervene in violation of Mr. Burgest's Eighth Amendment rights under the United States Constitution.

## PARTIES

1.    Plaintiff Akeim Burgest is a state prisoner, who at all times material to this action was located at Baldwin State Prison ("Baldwin SP"). Mr. Burgest has exhausted all administrative remedies with respect to the facts set forth herein.

2.    Defendant Officer Ashley Scholz is a Georgia Department of Corrections official, who is sued in her individual capacity. At all times relevant to the complaint, Scholz acted under the color of law. Scholz is a resident of Baldwin County, Georgia.

3.      Defendant Lieutenant Kim Willis is a Georgia Department of Corrections official, who is sued in her individual capacity. At all times relevant to the complaint, Willis acted under the color of law. Willis is a resident of Baldwin County, Georgia.

## JURISDICTION

4.       This action is brought pursuant to 42 U.S.C. § 1983 and 1988. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5.       Venue is proper in this District and in the Macon Division because the events at issue here took place at Baldwin SP, which is located in Baldwin County, Georgia. Baldwin SP is situated within the district and divisional boundaries of the Middle District of Georgia, Macon Division.

## FACTS

6.      On or around March 23, 2025, Officer Scholz stabbed Mr. Burgest in the hand at Baldwin SP.

7.      Specifically, on that date Officer Scholz was complaining after an incident with another prisoner, to which Mr. Burgest told her that administration needed to address her issues.

8.      Officer Scholz became enraged and threw a water bottle at Mr. Burgest, hitting him in the face. Mr. Burgest picked up the water bottle, told her he would throw it back, but instead walked off to his dormitory.

9.      Not long after Mr. Burgest returned to his dormitory in the I Building, Lieutenant Willis and Officer Scholz came looking for him, calling out his name.

10.     Mr. Burgest came out of cell and downstairs towards Defendants.

11.     Lieutenant Willis asked what was going on.

12.     Officer Scholz procured a shank, drew it, and approached Mr. Burgest stating, "what's up, what's up" and that she was tired of Mr. Burgest's attitude.

13.     Mr. Burgest put his hands up to protect himself and told Officer Scholz that she needed to leave him alone.

14.     Officer Scholz then struck at Mr. Burgest with the shank, slicing open the palm on his right hand.

15.     Lieutenant Willis observed all of this and stood by doing nothing. Eventually, Lieutenant Willis said "she done got ya" to Mr. Burgest.

16.     Officer Scholz was then walked off the compound and Mr. Burgest was taken to medical where the wound was cleaned and his hand wrapped.

17.     As a result of the injury, Mr. Burgest's palm is permanently scarred. He has also suffered emotional injuries as a result of the attack

18.     Mr. Burgest filed a grievance and CID opened up an investigation.

## COUNT ONE

### *Excessive Force under the Eighth Amendment*
### *42 U.S.C. § 1983*
### *(against Officer Scholz)*

Plaintiff Akeim Burgest incorporates and re-alleges each and every allegation in paragraphs 1-18 above as if fully set forth herein.

19.     Officer Scholz, which acting under color of law, intentionally stabbed Mr. Burgest without lawful basis or justification.

20.    That force used against Mr. Burgest by Officer Scholz was excessive and unjustified because Mr. Burgest was not resisting any lawful order or command, and was only covering his body to protect himself from Officer Scholz, who approached him with, without provocation, penological interest, or good-faith effort to discipline or maintain order, with a prison shank. Instead, Officer Scholz acted maliciously and sadistically to cause harm to Mr. Burgest.

21.    Officer Scholz's conduct caused physical and emotional injuries to Mr. Burgest, which injuries were reasonably foreseeable at the time. Specifically, Officer Scholz caused lacerations so deep that Mr. Burgest is now permanently scarred as a result of her stabbing him.

## COUNT TWO

### *Failure to Intervene under the Eighth Amendment*
### *42 U.S.C. § 1983*
### *(against Lieutenant Willis)*

Plaintiff Akeim Burgest incorporates and re-alleges each and every allegation in paragraphs 1-18 above as if fully set forth herein.

22.    Officer Scholz used excessive force on Mr. Burgest.

23.    Lieutenant Willis, while acting under color of law, saw Officer Scholz brandish a contraband shank and use excessive force on Mr. Burgest.

24.    Lieutenant Willis had a reasonable and realistic opportunity to prevent harm from occurring to Mr. Burgest.

25.    Lieutenant Willis instead stood by watching while Officer Scholz approached Mr. Burgest with the contraband shank, and she continued to stand by while

Officer Scholz sliced Mr. Burgest's hand. Indeed, Lieutenant Willis failed to take any steps to prevent the harm from occurring to Mr. Burgest.

26.    That failure to act by Lieutenant Willis caused Mr. Burgest's injuries and the injuries—stabbing, scarring, and emotional injuries—were the reasonably foreseeable consequence of Lieutenant Willis's failure to act. Lieutenant Willis subjectively knew that she was placing Mr. Burgest at a substantial risk of injury or death, because it is obvious to lay persons that such a danger exists in the correctional setting when contraband weapons are present.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Akeim Burgest respectfully prays that this Court:

a) Enter judgment in favor of Plaintiff and against Defendants for all damages allowed by law, including but not limited to:

    a.  Nominal damages;

    b.  Compensatory damages; and

    c.  Punitive damages.

b) Award Plaintiff the costs of this lawsuit and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, and as otherwise allowed by law;

c) Order such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Plaintiff Akeim Burgest demands a trial by jury on all issues so triable.

Dated: February 6, 2026

|  | /s/ James M. Slater |
|---|---|
| SLATER LEGAL PLLC | James M. Slater |
| 2296 Henderson Mill Rd. NE #116 | Georgia Bar No. 169869 |
| Atlanta, Georgia 30345 | |
| (404) 458-7283 | |
| james@slater.legal | |