**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **AKEIM BURGEST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:26-cv-53 (MTT)** |
| ) | |
| **Officer ASHLEY SCHOLZ, _et al.,_** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PROPOSED SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on April 21, 2026. In accordance with

the Court's Rules 16 and 26 Order dated April 17, 2026, the parties to this action

conferred and jointly developed this Proposed Scheduling and Discovery Order (the

"Proposed Order") containing deadlines and limitations as follows:

I.    **Nature of the Case:**

A.  **Plaintiff's Statement**

Plaintiff, a state prisoner, sues Defendants, then correctional officers at Baldwin

State Prison, for an alleged stabbing by Defendant Scholz. He seeks damages for

excessive force against Defendant Scholz and for failure to intervene against Defendant

Willis, both under the Eighth Amendment.

B.  **Defendants' Statement**

Plaintiff, a state prisoner, brings this suit under 42 U.S.C. 1983 against Defendants

Ashley Scholz, a Correctional Officer at Baldwin State Prison and Kim Willis, a

Lieutenant at Baldwin State Prison. Plaintiff alleges excessive force by Scholz during an alleged stabbing and failure to intervene from Willis. Plaintiff claims the alleged incident violated his Eighth Amendment rights under the United States Constitution. Defendants deny the allegations and deny that they violated Plaintiff's constitutional rights.

II.    **Counsel of Record:**

A.  **Plaintiff's Counsel**

James M. Slater
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
Email: james@slater.legal

B.  **Defendants' Counsel**

Chandler L. King
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel. (404) 436-6602
Fax: (404) 651-5304
Email: cking@law.ga.gov

III.    **Complaint and Answer filing dates:**

Complaint was filed: **February 6, 2026**

Answer was filed: **April 9, 2026**

IV.    **Discovery Deadlines:**

A.  **Time for Discovery**

The time for discovery in this case shall expire **October 16, 2026**, that being no more than 180 days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

### B. Scope of Discovery

The parties will conduct discovery into the facts underlying the complaint and surrounding facts, the potential culpability of the Defendants, any defenses, and damages. Discovery should be completed by October 16, 2026, and the parties do not anticipate the need for phased discovery.

### C. Electronically Stored Information & Electronic Service

The parties will endeavor to provide any electronic discovery via generally acceptable means (e.g., .pdf, .mp4, .wav, etc.). Should any issues arise, the parties will work in good faith to resolve any such issues.

The parties agree that discovery material (both requests and responses) may be served via electronic means and that no party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to that email. The parties reserve the right to request that any party who has produced discovery responses via electronic means to also supply a physical copy of those responses.

### D. Privilege Claims

The parties do not, at this time, anticipate any issues regarding privilege or other protection of trial-preparation materials.

### E.  <u>Witnesses to be Deposed</u>

The witnesses expected to be deposed by either party are listed below.

<u>By Plaintiff</u>: Plaintiff will likely depose each Defendant, and intends to depose any other Georgia Department of Corrections ("GDC") staff or contracting medical employees who were witness to the alleged incident, and any people housed at Baldwin State Prison in the same housing area who may have observed the incident, including, without limitation, Jordan Nobles and Mark Jones, both GDC inmates. Plaintiff may also depose any witness identified in discovery.

<u>By Defendants</u>: Defendant anticipates that they will depose Plaintiff, as well as Jordan Nobles and Mark Jones, both GDC inmates. Defendants may also depose any witnesses identified in discovery.

### F.  <u>Expert Witnesses</u>

The Plaintiff must disclose expert witnesses and provide appropriate expert reports on or before **<u>July 21, 2026</u>**, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose expert witnesses and provide appropriate expert reports on or before **<u>August 20, 2026</u>**, that being no more than 120 days after the submission of the Proposed Order to the Court.

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Expert reports may not be supplemented without the consent of all parties or leave of Court.

4

### G. **Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

Because Plaintiff and potential witnesses are incarcerated, pursuant to Rule 30(a)(2)(B), the parties seek leave of Court to depose any incarcerated persons in this case.

### H. **Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must email Kim A. Tavalero, Courtroom Deputy, at kim_tavalero@gamd.uscourts.gov to request a telephone conference with the Court. The movant shall include a brief summary of the dispute, and opposing counsel shall respond with their brief summary.

### V. **Time for Filing Motions:**

### A. **Motions to Amend the Pleadings or to Join Parties**

All motions seeking to amend the pleadings or to join parties must be filed no later than **June 19, 2026**, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. **Dispositive Motions**

All dispositive motions must be filed no later than **November 13, 2026**, that being no more than 30 days after the expiration of discovery in this case.

### C. *Daubert* **Motions**

All *Daubert* motions must be filed no later than **November 13, 2026**, that being no more than 30 days after the expiration of discovery in this case.

### VI.    **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

Dated: May 14, 2026

/s/ James M. Slater
James M. Slater
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
Email: james@slater.legal

*Attorneys for Plaintiff*

/s/ Chandler L. King
Chandler L. King
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel. (404) 436-6602
Fax: (404) 651-5304
Email: cking@law.ga.gov

*Attorneys for Defendants*

6

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT.**

The Court further **GRANTS LEAVE** for the parties to depose any incarcerated parties and nonparties pursuant to Rule 30(a)(2)(B).

**SO ORDERED,** this 14th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT