UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AKEIM BURGEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:26-cv-53-MTT |
| OFFICER ASHLEY SCHOLZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO COURT ORDER**

Defendants Ashley Scholz and Kim Willis, through counsel, submit the following

responses to the Court's April 20, 2026, Order requiring disclosure regarding video or

photographic evidence (Doc. 10).

Consistent with the Court's instruction, and as indicated below, Counsel has

conferred with Defendants, including appropriate GDC staff, in preparing these responses.

1. **State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.**

   **Response:** As a preliminary matter, Plaintiff's allegations in this lawsuit are false. Ashley Scholz did not use any force against Plaintiff, so there was no "incident" to be captured on video. Plaintiff alleges a use of force incident on or about March 23, 2025, at Baldwin State Prison. Specifically, the alleged incident occurred in the porch area outside of the door of M Building. There were one or more stationary or mounted cameras at Baldwin State Prison in the vicinity, which may have recorded some or all the relevant time periods and events.

   There is one mounted camera on the outside of the building where the alleged assault took place. The camera is on the exterior of the building above the front door facing the courtyard and the crosswalk in front of I Building. Also, in the I Building dorm area, there are mounted cameras. These cameras do not capture the inside of individual cells.

1

2. **If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings.  If the recordings have not been preserved, explain in detail why.**

   **Response:** There are one or more stationary or mounted cameras that recorded some or all of the alleged assault and/or use of force incidents that form the bulk of the allegations in the complaint. Those recordings have not been preserved. The video system in place at Baldwin State Prison is an older model that only stores video for 30 days. The incident took place on or around March 23, 2025, and the case was assigned to GDC Office of Professional Standards Special Agent Tyler Adams on May 6, 2025. Adams began his investigation into the case after the 30-day video preservation period, meaning the footage was no longer preserved.

   There are no known video recordings of the events alleged by the Plaintiff. Again, as stated above, Plaintiff's allegations are entirely false. Plaintiff alleges that Scholz slashed him in the hand with a knife, which did not occur. Scholz did not use any force on Plaintiff. Plaintiff's medical records show that his hand was injured *before* this incident, and the medical records prove that Plaintiff's allegations are false. Plaintiff is alleging a use of force incident that did not occur, and surveillance and camera footage would not have been accessed or viewed after the incident.

   Furthermore, GDC surveillance camera footage, including footage captured by surveillance cameras at Baldwin State Prison, in accordance with state retention policy, is not backed up and stored and instead is retained for 30 days and then overwritten unless identified and tied to a specific incident for which video is regularly accessed, downloaded, and retained. This is consistent with the state retention policy, it is standard GDC practice, and it is also based on the practicality that all surveillance videos cannot be retained. At GDC facilities including Baldwin State Prison, generally the Warden (and sometimes the Warden's designee) and OPS investigators have authority to access and view surveillance footage and to download the footage (again this will be possible only for footage captured within the past 30 days and not overwritten), and no other persons have such authority.

   Defendants, through counsel, are continuing to work to collect all information and documentation pertaining to Plaintiff's claims, including surveillance video recordings if any exist, and will supplement this report if additional information is obtained and if additional video recordings are identified.

3. **State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.**

   **Response**: There are no body-worn or handheld cameras recording the events alleged by Plaintiff. Defendants are not aware of any person who interacted with Plaintiff in any of

2

the alleged events who had a body-worn or handheld camera during the events. Defendants Scholz and Willis were not wearing a body camera during the alleged altercation, nor was the cert team officer that responded after the alleged incident took place.

4. **If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11 and GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged.  If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved**.

   <u>**Response:**</u>  GDC is the custodian of the recordings referenced in the response to question 3 above.

5. **Identify all GDC employees contacted to gather the information required by this disclosure**.

   <u>**Response**</u>: Defendant's counsel has contacted and continues to work with Defendants to obtain information responsive to the above questions. The information above regarding the surveillance cameras at Baldwin State Prison and other camera footage was provided by Nathan Clarke, Operations Analyst at Baldwin State Prison, Rodney Gardner, Deputy Warden Security at Baldwin State Prison, Tyler Adams, Special Agent, and Dartanian Mais, Agent at Phillips State Prison. Special Agent Adams also contacted Cheryl Surry in reference to the grievance report that was filed by Plaintiff.

   Defendant's counsel has provided herein, on direction of the Court, information that derives from communications with clients. No waiver of attorney-client privilege is intended or made hereby. Defendants do not waive and expressly reserve all objections that are available to a party under the Federal Rules of Civil Procedure, including without limitation Rule 26 and its limitations of relevance, proportionality, and overbreadth, and including the Federal Rules of Evidence.

   Defendants, through counsel, have provided herein, on direction of the Court, information regarding GDC surveillance cameras and video recordings but note that GDC is the owner of such cameras and the custodian of such recordings. This response is not made on behalf of and does not waive any rights or objections of GD

3

Respectfully submitted this 20 day of May, 2026.

Christopher M. Carr          112505
Attorney General

Loretta L. Pinkston-Pope          580385
Deputy Attorney General

William W. Peters          515342
Senior Assistant Attorney General

/s/ Chandler L. King
Chandler L. King          774738
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Chandler L. King
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 436-6602
Fax: (404) 651-5304
Email: cking@law.ga.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 20th day of May, 2026.

<div style="margin-left:40%">

s/ Chandler L. King
Chandler L. King

</div>