UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AKEIM BURGEST,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER ASHLEY SCHOLZ, et ano.,<br><br>Defendants. | Case No. 5:26-cv-53 (MTT) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO REOPEN AND EXTEND DISCOVERY**

On May 14, 2026, this Court entered a scheduling order requiring discovery to be completed by October 16, 2026. (Doc. 11). In that time, Plaintiff is the only person who conducted any discovery. He issued written discovery to Defendants; he issued a subpoena to nonparty Georgia Department of Corrections; and he took Defendants' depositions. It was not until two weeks before the close of discovery that counsel for Defendants sent an email asking for deposition dates for Plaintiff on the days leading up to the close of discovery. Not receiving a response from the undersigned who was in the middle of completing discovery and preparing for trial in another matter, counsel for Defendants did nothing. No further emails. No phone calls. No efforts to confer. Instead, this week following the close of discovery, defense counsel emailed the undersigned asking for consent to reopen discovery and take Plaintiff's deposition out of time. Because Defendants failed to act diligently over the course of five months to take any

discovery, and because they failed to demonstrate good cause and diligence in their motion, it is due to be denied.

## MEMORANDUM OF LAW

### I. Legal Standard

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Under the Rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)) (quotations omitted). The burden rests on the movant. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

The Eleventh Circuit has considered several factors to establish a party's lack of diligence, including the month-long pendency of a motion for summary judgment before the filing of the motion to amend, *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir.2007), and the fact that the information providing the basis for the proposed amendment was available to the party before the deadline, *see id.*; *accord Sosa*, 133 F.3d at 1419. Only if litigants diligently pursue their rights but for reasons other than their own negligence cannot meet scheduling order deadlines, the court should exercise its discretion to modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

## II. Discussion

Here, Defendants are required to show due diligence. *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2018 WL 1858224, at *2 (N.D. Fla. Apr. 18, 2018) (citing *Sosa*, 133 F.3d at 1418). Because Defendants did not request a deposition of Plaintiff until the very end of the discovery, took no real steps to secure a deposition during the brief period remaining in discovery, and did not take any action until after discovery closed, there is no doubt they have not been diligent. *Foster v. RSC Equip. Rental, Inc.*, 2010 WL 11526833, at *1 (N.D. Ga. Feb. 18, 2010) ("A party satisfies the Rule 16(b)(4) good cause standard when it shows that its failure to comply with the court's scheduling order does not result from the party's own lack of diligence in pursuing its claim," citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)). *See also* Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1, at 231 (a party seeking to reopen discovery must show why court's deadlines could not "reasonably" have been met "despite [its] diligence").

Indeed, Defendants have had months to coordinate or schedule Plaintiff's deposition and have no excuse for failing to do so until October 1 and then failing to follow up to meaningfully confer or coordinate any such deposition. In *Foster*, for example, the district court found that the movant met its burden to file a late amended answer because its defense only arose from information learned in a deposition following the close of the deadline to amend pleadings. *Foster*, 2010 WL 11526833, at *1. The court concluded that the party was diligent and therefore satisfied the requirements of Rule 16(b)(4). But this is not the case of a late-disclosed witness or information following

diligent efforts to conduct discovery—Plaintiff brought this lawsuit, he was known to Defendants on day one.

Further, while Defendants do not argue any prejudice in not taking Plaintiff's deposition, even if the Court were to consider the same, it would not overcome the diligence inquiry. *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)). Clearly if Defendants wanted to take Plaintiff's deposition or believed it was necessary to their case, they should have made real efforts to take it, not through an email two weeks before the close of discovery without any efforts to actually schedule it. Not hearing from Plaintiff's counsel, Defendants could have called, or at a minimum filed a motion during the discovery period. To come to the Court after the close of discovery without any basis or legal argument in their motion to show diligence or good cause should doom their efforts. *Marquardt v. Ocean Reef Cmty. Ass'n*, 2021 WL 9599449, at *3 (S.D. Fla. Apr. 8, 2021) (denying a motion for leave to modify the scheduling order because "Plaintiff has not shown she has been diligent in trying to comply with the deadlines to complete discovery or schedule depositions....."); *see also Knispel v. United States*, 2026 WL 2838550, at *1 (M.D. Fla. Sept. 22, 2026) (denying a similar motion because it did "not establish specific reasons why that additional discovery is necessary, nor any diligence in pursuing that discovery").

**CONCLUSION**

For all these reasons, Plaintiff Akeim Burgest asks the Court to deny Defendants' motion. (Doc. 15).

Dated: October 21, 2026.

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater (Georgia Bar # 169869)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Akeim Burgest*